IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED MICRO DEVICES, INC., ATI TECHNOLOGIES ULC, and ATI INTERNATIONAL SRL, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 11-965-LPS |
| S3 GRAPHICS CO., LTD., S3 GRAPHICS, INC., and SONICBLUE INCORPORATED, | : : : | Public Version<br>Released November 8, 2011 |
| Defendants. | : | |

### MEMORANDUM ORDER

At Wilmington this 25th day of October, 2011:

Presently before the Court is Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction. (D.I. 3)[1] Plaintiffs seek an order from this Court directing Defendants to file papers in an ongoing, related investigation by the International Trade Commission ("ITC") seeking dismissal of the ITC proceeding. The Court has received Plaintiffs' opening brief in support of its motion (D.I. 4), a letter response from Defendants in opposition to Plaintiffs' motion (D.I. 23), a letter reply from Plaintiffs (D.I. 28), and numerous appendices (*see, e.g.*, D.I. 10-13, 17). On October 19, 2011, the Court heard argument on the motion during a telephonic status conference. Having reviewed the record,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction

---

[1] Also pending is Plaintiffs' motion for leave to file certain documents under seal. (D.I. 5) This motion is GRANTED.

1

is **DENIED**.

2.     The Court intends to enter a schedule to govern this case which will result in expedited case-dispositive motions and/or a trial on the merits of Count II of Plaintiffs' Complaint (D.I. 1) – seeking a declaratory judgment as to the ownership of the patents-in-suit – within approximately six months. The parties shall meet and confer and submit to the Court, no later than October 28, 2011, their proposal(s) for such a scheduling order. The parties should address in their submissions whether the Court should bifurcate Count I of Plaintiffs' Complaint – seeking a declaratory judgment of non-infringement of the patents-in-suit – as part of the Scheduling Order.

3.     Where, as here, a party seeks injunctive relief to prevent another party's participation in a related ITC proceeding, Federal Circuit law applies. *See Texas Instruments Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1328 (Fed. Cir. 2000). Under Federal Circuit law, generally "a party seeking an injunction must show: (1) a reasonable likelihood of success on the merits; (2) irreparable harm absent injunctive relief; (3) a balance of hardships in its favor; and (4) a public interest in favor of the injunction." *Id.* at 1329.

4.     Even before receiving full briefing from Defendants, the Court finds that Plaintiffs have failed to establish that they will suffer irreparable harm in the absence of injunctive relief. Plaintiffs articulate two theories of irreparable harm: (a) that the ongoing, related ITC proceeding may imminently conclude with a ruling adverse to Plaintiffs' interests; and (b) the pendency of the ITC proceeding and the potential for an adverse outcome are adversely affecting Plaintiffs' ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2

▇▇▇ Plaintiffs have failed to persuade the Court with respect to either of these theories.[2]

5.  Defendants' ITC action against Apple was instituted in June 2010. By the time the instant action here was filed by Plaintiffs on October 13, 2011, the ITC action had already progressed through discovery, trial, and an initial determination by an administrative law judge ("ALJ"). In addition, the patent ownership issues Plaintiffs now present to this Court are already fully briefed before the ITC as part of Plaintiffs' motion to intervene. According to Plaintiffs, the ITC has indicated that the full Commission is now reviewing the ALJ's initial determination in its entirety and has set a target date for issuance of a final decision by November 1, 2011. Under the circumstances, in which the ITC proceeding could hardly be more advanced, and the instant action is less than two weeks old; where Plaintiffs were aware of the ITC proceeding for some months before they attempted to intervene in it and waited months longer before asking a district court to halt the ITC proceedings; where the ITC must be aware of Plaintiffs' concerns, at least through the receipt of Plaintiffs' motion to intervene; and where the final decision evidently forthcoming from the ITC may or may not prove to be adverse to Plaintiffs' interests, the Court finds that the continued pendency of the ITC proceeding does not constitute irreparable harm to Plaintiffs.

6.  Plaintiffs are currently Apple's GPU supplier for computer products. ▇▇▇
▇▇▇
▇▇▇
▇▇▇

---

[2] Given the Court's findings with respect to irreparable harm, it is not necessary to address the other factors Plaintiffs might have to show in order to be awarded injunctive relief. *See Texas Instruments*, 231 F.3d at 1329.

███████████████ Moreover, as already noted, no one knows what the outcome of the ITC proceeding will be. It is at least possible that Apple will prevail in the ITC action ███

███████████████████████████████████████████████████

███████████████████████████████████████████████████ In sum, Plaintiffs' concerns are simply too remote and speculative to establish irreparable harm.

7.   Plaintiffs' reliance on *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990), is also unavailing. In *Katz*, the Federal Circuit reversed a district court's injunction of concurrent district court patent litigation, given that the issues in the enjoined action did not entirely overlap with the issues in the action that was permitted to proceed. *See id.* at 1463-64. In reaching its conclusion, *Katz* alluded to the "public policy favoring expeditious resolution of disputes," particularly when dealing with patents. *Id.* at 1463-64. In the present circumstances, "expeditious resolution" of the disputes between the parties is accomplished by both permitting the ITC's nearly-concluded proceeding to reach its conclusion and entry of an expedited

4

schedule in the instant action to resolve the ownership dispute. Moreover, the authority addressed in *Katz* to stay concurrent proceedings is discretionary. *See* 909 F.2d at 1464 ("We conclude that the Massachusetts district court exceeded its discretionary authority in enjoining the . . . action in New York."); *see also ProBatter Sports, LLC v. Joyner Technologies, Inc.*, 463 F. Supp.2d 949, 956 (N.D. Iowa 2006) ("[T]he court does not read *Katz* to require the issuance of an injunction . . . ."). Here, given the circumstances already noted, the Court sees no reason to exercise any discretion it has to enjoin (or require Defendants to seek dismissal of) the ITC proceedings.

8. For the same reasons, the Court is unpersuaded by Plaintiffs' argument that the first-filed ITC "customer suit" should be enjoined in favor of the second-filed district court "manufacturer suit." (D.I. 4 at 8) "[T]he guiding principles in the customer suit exception are efficiency and judicial economy." *Tegic Commc'ns v. Univ. of Texas*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). Here, those principles do not support enjoining a nearly-completed ITC action in favor of a newly-filed district court action.

9. Under the circumstances, particularly to remove uncertainty as to which entity may properly determine whether (and against whom) to enforce the patents-in-suit and to collect licensing and other fees, the Court finds it appropriate to attempt to expedite resolution of the ownership issue. Accordingly, as indicated previously in this Order, the Court intends to enter an expedited schedule leading to case-dispositive motions or trial at least with respect to Count II of the Complaint.

_____
UNITED STATES DISTRICT JUDGE